UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LILY PRODUCE INC.,

                      Plaintiff,

- against -

NATURE'S PUREST INC. t/a KING MEATS
MARKET, KING DAVID MEAT PALACE, INC.,
BRIGHTON KING MEATS, INC., ALLA SHPORIN
and YURIV SHPORIN,

                      Defendants.
-----------------------------------------------------------------X

Case No. 18-cv-1482

**COMPLAINT**

      Plaintiff Lily Produce Inc. ("Lily Produce" or "Plaintiff"), by and through undersigned counsel, as and for its complaint against defendants Nature's Purest Inc. t/a King Meats Market ("NPI"), King David Meat Palace, Inc. ("KDMPI"), Brighton King Meats, Inc. ("BKMI") (NPI, KDMPI and BKMI collectively, the "Corporate Defendants"), Alla Shporin ("A. Shporin") and Yuriv Shporin ("Y. Shporin") (Corporate Defendants, A. Shporin and Y. Shporin collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

    1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

    2.    Venue in this District is based on 28 U.S.C. § 1391 in that Defendants reside in this District.

## PARTIES

    3.    Plaintiff Lily Produce is a New York corporation with a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce

- 2 -

in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.     Defendant NPI is a New York corporation with its principal place of business in Brooklyn, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to licensure under the provisions of PACA.

5.     Defendant KDMPI is a New York corporation with its principal place of business in Brooklyn, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to licensure under the provisions of PACA.

6.     Defendant BKMI is a New York corporation with its principal place of business in Brooklyn, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to licensure under the provisions of PACA.

7.     Defendant A. Shporin was an officer, director and/or shareholder of one or more of the Corporate Defendants during the period of time in question who controlled the operations of the Corporate Defendants, and was in a position of control over the PACA trust assets belonging to Plaintiff.

8.     Defendant Y. Shporin was an officer, director and/or shareholder of one or more of the Corporate Defendants during the period of time in question who controlled the operations of the Corporate Defendants, and was in a position of control over the PACA trust assets belonging to Plaintiff.

//

**GENERAL ALLEGATIONS**

9. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

10. Between November 1, 2017 and February 23, 2018, Plaintiff sold and delivered to Defendants wholesale quantities of produce in interstate commerce having an aggregate value of $29,139.50.

11. Defendants accepted the produce, but have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiff the principal amount of $29,139.50.

12. At the time of receipt of the produce, Plaintiff became a beneficiary to a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

13. Plaintiff preserved its interests in the PACA trust in the amount of $29,139.50 and remains a beneficiary until full payment is made for the produce.

14. Defendants' failure and inability to pay Plaintiff, and the passing of bad checks, indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Pay Trust Funds)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $29,139.50 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

17. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT CORPORATE DEFENDANTS
(Failure to Pay For Goods Sold)

18. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19. Corporate Defendants failed and are unable to pay Plaintiff the aggregate amount of $29,139.50 owed to Plaintiff for goods received by Corporate Defendants from Plaintiff.

20. As a direct and proximate result of Corporate Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $29,139.50, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT A. SHPORIN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Defendant A. Shporin is and was an officer, director and/or shareholder who operated one or more of the Corporate Defendants during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiff.

23. Defendant A. Shporin failed to direct the Corporate Defendants to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

24. Defendant A. Shporin's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT Y. SHPORIN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. Defendant Y. Shporin is and was an officer, director and/or shareholder who operated one or more of the Corporate Defendants during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiff.

28. Defendant Y. Shporin failed to direct the Corporate Defendants to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

29. Defendant Y. Shporin's failure to direct the corporate defendant to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

30. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

31. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Defendants received each of the produce shipments on which this action is based.

33. Defendants are required to promptly tender to Plaintiff full payment for the produce received in those shipments pursuant to PACA.

34. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

35. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $29,139.50, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT CORPORATE DEFENDANTS
(Breach of Contract)

36. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37. Corporate Defendants received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

38. Plaintiff's invoices to Corporate Defendants constitute valid and enforceable agreements between the parties.

39. Corporate Defendants breached the agreements between the parties by failing to timely remit payment for the goods they received from Plaintiff.

40. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

41. As a direct and proximate result of Corporate Defendants' breach of contract, Plaintiff has suffered damages in the amount of $29,139.50, plus interest from the date each invoice became past due, costs, accrued interest and attorneys' fees.

//

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Alter Ego)

42. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 41 above as if fully set forth herein.

43. Corporate Defendants have the same officers, directors and equity holders.

44. Corporate Defendants conduct, or formerly conducted, business using the same address and phone number.

45. Corporate Defendants have many of the same suppliers.

46. Upon information and belief, all of the Corporate Defendants have grossly inadequate capital.

47. Some of the Corporate Defendants pay the expenses or losses of the other Corporate Defendants.

48. Upon information and belief, Corporate Defendants commingle corporate funds.

49. Corporate Defendants have failed to maintain the corporate formalities.

50. Corporate Defendants have abused the corporate form to deprive Plaintiff of the PACA trust funds to which it is entitled.

51. Corporate Defendants are alter egos of one another, entitling Plaintiff to recover the sum of $29,139.50, plus interest from the date each invoice became past due, costs, accrued interest and attorneys' fees, jointly and severally, from each of the Corporate Defendants.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

52. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 51 above as if fully set forth herein.

53. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

54. As a result of Defendants' continued failure to make full payment promptly in the amount of $29,139.50, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A. On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B. On the second cause of action, judgment in favor of Plaintiff and against Corporate Defendants, jointly and severally, in the amount of $29,139.50;

C. On the third cause of action, judgment in favor of Plaintiff and against defendant A. Shporin in the amount of $29,139.50 under the trust provisions of PACA;

D. On the fourth cause of action, judgment in favor of Plaintiff and against defendant Y. Shporin in the amount of $29,139.50 under the trust provisions of PACA;

E. On the fifth cause of action, judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $29,139.50 under the trust provisions of PACA;

F. On the sixth cause of action, judgment in favor of Plaintiff and against Corporate Defendants, jointly and severally, in the amount of $29,139.50;

G. On the seventh cause of action, a declaration that the Corporate Defendants are alter egos of one another;

H. On the eighth cause of action, judgment in favor of Plaintiff and against all

Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

I. Such other and further relief as the Court deems just and proper.

Dated: March 9, 2018

        Respectfully submitted,
        McCARRON & DIESS
        Attorneys for Plaintiff

        By: /s/ Gregory Brown
        Gregory Brown
        707 Walt Whitman Road, Second Floor
        Melville, New York 11747
        Phone: (631) 425-8110
        Fax: (631) 425-8112
        gbrown@mccarronlaw.com